35 F.3d 565
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Pat L. GRANT, Plaintiff-Appellant,
v.
GENERAL MOTORS CORPORATION, Central Foundry Division;
General Motors Corporation, Main Division
Defendants-Appellees,
Gary Bellile, et al. Defendants.
 No. 92-3591.
 United States Court of Appeals, Sixth Circuit.
 Aug. 15, 1994.
 
 1
 Before: GUY and BATCHELDER, Circuit Judges; and MCCALLA, District Court Judge*
 
 ORDER
 
 2
 The plaintiff, Pat L. Grant (Grant) appeals a district court order granting summary judgment for the defendant, General Motors Corporation (GMC) following this court's order of remand in Grant v. General Motors Corp., 908 F.2d 1303 (6th Cir.1990). GMC now moves to dismiss the appeal. Grant has filed a response in opposition.
 
 
 3
 Grant filed the present suit against her employer, GMC, challenging her transfer to a lower paying position pursuant to a policy prohibiting fertile women from performing certain jobs involving high exposure to lead. Grant alleged that GMC's fetal protection policy and its application to her constituted sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq., and the Equal Pay Act, 29 U.S.C. Sec. 206(d). She also alleged that GMC had retaliated against her for challenging the policy. The district court granted summary judgment for GMC on all counts. On appeal, this court affirmed the district court's ruling on the Equal Pay Act claim, but remanded the Title VII claims for further consideration. Grant v. General Motors Corp., 908 F.2d at 1305 n. 6, 1311.
 
 
 4
 Following this court's remand order, the Civil Rights Act of 1991, which permits compensatory and punitive damages in Title VII cases, went into effect on November 21, 1991. In December 1991, the parties entered into a stipulation dismissing with prejudice "all of the plaintiff's claims against the defendants except that of punitive damages against General Motors Corporation under Title VII...." Grant then filed an amended complaint seeking redress on the issue of retaliation pursuant to the Civil Rights Act of 1991. The amended complaint prayed for compensatory and punitive damages, not equitable relief.
 
 
 5
 On remand, the district court determined that the Civil Rights Act of 1991 does not apply retroactively. Because Grant filed her case in 1988, and because all claims but those for punitive damages were dismissed, summary judgment was entered in GMC's favor. Grant appealed and GMC now moves to dismiss based on Supreme Court companion decisions declaring the Civil Rights Act of 1991 to be inapplicable retroactively. See Landgraf v. USI Film Products, 114 S.Ct. 1483 (1994); Rivers v. Roadway Express, Inc., 114 S.Ct. 1510 (1994).
 
 
 6
 The motion to dismiss and the appeal cover a single issue--the retroactivity of the Civil Rights Act of 1991. Grant does not argue that any claims for equitable relief survived the stipulation. In view of the Landgraf and Rivers decisions, we conclude there is no cognizable issue for appeal in this case.
 
 
 7
 It therefore is ORDERED that the defendant's motion to dismiss is granted.
 
 
 
 *
 The Honorable Jon P. McCalla, United States District Court for the Western District of Tennessee, sitting by designation